1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8

9    STEPHAN WAYNE RICHARDSON,            Case No. 24-cv-04730-DMR

10            Plaintiff,

11        v.                             **ORDER GRANTING IFP
                                         APPLICATION AND SCREENING
12   U.S. / STATE OF CALIFORNIA,         COMPLAINT PURSUANT TO 28 U.S.C.
                                         § 1915(E)**
13            Defendant.

14          Self-represented Plaintiff Stephan Wayne Richardson filed a complaint and an application

15   for leave to proceed *in forma pauperis* ("IFP").  [Docket Nos. 1, 2.]  Having considered Plaintiff's

16   papers, the court grants the IFP application and finds that the complaint fails to state a claim on

17   which relief may be granted pursuant to 28 U.S.C. § 1915(e).  Plaintiff must file a first amended

18   complaint that addresses the deficiencies identified in this screening order by **November 26, 2024**.

19   **I.    DISCUSSION**

20          A court may allow a plaintiff to prosecute an action in federal court without prepayment of

21   fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such

22   fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's financial

23   affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28

24   U.S.C. § 1915(a) and grants the application to proceed IFP.

25          The court's grant of Plaintiff's application to proceed IFP, however, does not mean that

26   they may continue to prosecute the complaint.  A court is under a continuing duty to dismiss a

27   case filed without the payment of the filing fee whenever it determines that the action "(i) is

28   frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

United States District Court
Northern District of California

United States District Court
Northern District of California

1    monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

2    1915(e)(2)(B)(i)-(iii).  If the court dismisses a case pursuant to section 1915(e)(2)(B), the plaintiff

3    may still file the same complaint by paying the filing fee.  This is because the court's section

4    1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under

5    the IFP statute.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

6        To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is

7    an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin*

8    *v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Courts have the authority to dismiss

9    complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction.

10   *Id.* at 1228.  A court can also dismiss a complaint where it is based solely on conclusory

11   statements, naked assertions without any factual basis, or allegations that are not plausible on their

12   face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89

13   (2007) (per curiam).

14       Although pro se pleadings are liberally construed and held to a less stringent standard than

15   those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or

16   portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts

17   to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

18   554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] district court should not dismiss a pro se

19   complaint without leave to amend unless it is absolutely clear that the deficiencies of the

20   complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

21   2012) (quotations omitted).

22       Here, Plaintiff's complaint states, "A statement of damages due to company corruption

23   [sic]."  It then goes on to list sums of money that appear to correspond to categories of damages,

24   and states, "Please pay by check of money order within 30 days of filing date."  Compl. 1-2.  It

25   appears to name "U.S. / State of California" as Defendants but does not state any claims for relief.

26   It does not explain who allegedly owes money to Plaintiff or why.  The complaint must be

27   dismissed on that basis.

28       Additionally, the court lacks subject matter jurisdiction over the complaint.  Federal courts

1    are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a

2    particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*,

3    873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  A federal court may exercise either

4    federal question jurisdiction or diversity jurisdiction.  Federal question jurisdiction under 28

5    U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United

6    States.  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-

7    pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

8    question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions*

9    *Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

10   (1987)).  Here, there is no federal question presented on the face of the complaint.

11          A district court has diversity jurisdiction where the parties are diverse and "the matter in

12   controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. §

13   1332.  Parties are diverse only when the parties are "citizens of different states." *Id.*  The

14   requirements of diversity jurisdiction are not satisfied as Plaintiff does not allege his citizenship.

15   Moreover, to the extent the complaint names the United States and/or California as Defendants,

16   neither the United States nor California are "citizens" for diversity purposes. *Com. Union Ins. Co.*

17   *v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993); *Urbino v. Orkin Servs. of California, Inc.*,

18   726 F.3d 1118, 1123 (9th Cir. 2013).

19          Accordingly, the complaint does not satisfy section 1915 review.

20   **II.    CONCLUSION**

21          For the reasons above, the court **grants** Plaintiff's IFP Application and finds that the

22   complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  Plaintiff must file a first amended

23   complaint addressing the deficiencies identified in this order by **November 26, 2024.**  If Plaintiff

24   does not file a timely first amended complaint, the court will recommend that this action be

25   dismissed.  The Case Management Conference set for November 6, 2024 is VACATED and will

26   be re-set by the court at a later date.

27          The court refers Plaintiff to the section "Representing Yourself" on the Court's website,

28   located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing

2    fedpro@sfbar.org.

3

4          **IT IS SO ORDERED.**

5    Dated: October 29, 2024

6                                                    
                                                     _____

7                                                    DONNA M. RYU
                                                     Chief Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4